1

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

2

3

4

5

6

Attorney for Plaintiff: ANTHONY BOUYER

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

12

ANTHONY BOUYER, an

13

individual,

14

Plaintiff,

15

v.

16

17

ADIRKAREN, INC., a California

18

corporation; and DOES 1-10,
inclusive,

19

20

Defendants.

21

**Case No**.

**Complaint For Damages And
Injunctive Relief For:**

1. **VIOLATIONS OF THE
   AMERICANS WITH DISABILITIES
   ACT OF 1990, 42 U.S.C. §12181 *et
   seq*. as amended by the ADA
   Amendments Act of 2008 (P.L. 110-
   325).**

2. **VIOLATIONS OF THE UNRUH
   CIVIL RIGHTS ACT, CALIFORNIA
   CIVIL CODE § 51 *et seq*.**

22

23

Plaintiff, ANTHONY BOUYER ("Plaintiff"), complains of Defendant

24

ADIRKAREN, INC., a California corporation; and Does 1-10 ("Defendants") and

25

alleges as follows:

26

**PARTIES**

27

1.    Plaintiff is an adult California resident. Plaintiff is substantially limited

28

in performing one or more major life activities because he is paraplegic, including

but not limited to: walking, standing, ambulating, and sitting.  As a result of these

1

disabilities, Plaintiff requires a wheelchair for mobility.  With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

2.     Plaintiff is informed and believes and thereon alleges that Defendant ADIRKAREN, INC., a California corporation, owned the property located at 12730 Sherman Way, North Hollywood, CA 91605 ("Property") on or around May 20, 2020.

3.     Plaintiff is informed and believes and thereon alleges that Defendant ADIRKAREN, INC., a California corporation, owns the Property currently.

4.     Plaintiff does not know the true name of Defendant, its business capacity, its ownership connection to the Property serving Taco Mexico ("Business"), or its relative responsibilities in causing the access violations herein complained of.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

6.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 et seq., ("UCRA") claims are so related to Plaintiff's

1  federal ADA claims in that they have the same nucleus of operative facts and

2  arising out of the same transactions, they form part of the same case or controversy

3  under Article III of the United States Constitution.

4    7.    Venue is proper in this court pursuant to 28 U.S.C. §1391 because the

5  real property which is the subject of this action is located in this district and because

6  Plaintiff's causes of action arose in this district.

7                        **FACTUAL ALLEGATIONS**

8    8.    Plaintiff went to the Business on or about May 20, 2020 for the dual

9  purpose of purchasing food and to confirm that this public place of accommodation

10  is accessible to persons with disabilities within the meaning federal and state law.

11    9.    The Business is a facility open to the public, a place of public

12  accommodation, and a business establishment.

13    10.    Parking spaces are one of the facilities, privileges, and advantages

14  reserved by Defendants to persons at the Property serving the Business.

15    11.    Unfortunately, although parking spaces were one of the facilities

16  reserved for patrons, there were no designated parking spaces available for persons

17  with disabilities that complied with the 2010 Americans with Disabilities Act

18  Accessibility Guidelines ("ADAAG") on May 20, 2020.

19    12.    At that time, instead of having architectural barrier free facilities for

20  patrons with disabilities, Defendants have: an accessible parking area whose slope

21  exceeds ADAAG specifications (Section 502.4); cracked and broken surfaces in the

22  accessible parking area (Section 502.4; 303.2); and, an accessible aisle and an

23  accessible space that are not clearly marked (Section 502.3.3; 502.2).

24    13.    Subject to the reservation of rights to assert further violations of law

25  after a site inspection found *infra*, Plaintiff asserts there are additional ADA

26  violations which affect him personally.

27    14.    Plaintiff is informed and believes and thereon alleges Defendants had

28  no policy or plan in place to make sure that there was compliant accessible parking

1    reserved for persons with disabilities prior to May 20, 2020.

2         15.    Plaintiff is informed and believes and thereon alleges Defendants have

3    no policy or plan in place to make sure that the designated disabled parking for

4    persons with disabilities comport with the ADAAG.

5         16.    Plaintiff personally encountered these barriers.  The presence of these

6    barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible

7    conditions at public place of accommodation and invades legally cognizable

8    interests created under the ADA.

9         17.    The conditions identified *supra* in paragraph 12 are necessarily related

10    to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in

11    the major life activities of walking, standing, ambulating, and sitting; Plaintiff is the

12    holder of a disabled parking placard; and because the enumerated conditions relate

13    to the use of the accessible parking, relate to the slope and condition of the

14    accessible parking and accessible path to the accessible entrance, and relate to the

15    proximity of the accessible parking to the accessible entrance.

16        18.    As an individual with a mobility disability who relies upon a

17    wheelchair, Plaintiff has a keen interest in whether public accommodations have

18    architectural barriers that impede full accessibility to those accommodations by

19    individuals with mobility impairments.

20        19.    Plaintiff is being deterred from patronizing the Business and its

21    accommodations on particular occasions, but intends to return to the Business for the

22    dual purpose of availing himself of the goods and services offered to the public and

23    to ensure that the Business ceases evading its responsibilities under federal and state

24    law.

25        20.    Upon being informed that the public place of accommodation has

26    become fully and equally accessible, he will return within 45 days as a "tester" for

27    the purpose of confirming their accessibility.  *Civil Rights Educ. and Enforcement*

28    *Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

21.     As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property.

22.     The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

23.     The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

24.     Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disability.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection.  However, the Defendants are on notice that the Plaintiff seeks to have all barriers related to his disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

25.     Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

26.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged

1    above and each and every other paragraph in this Complaint necessary or helpful to

2    state this cause of action as though fully set forth herein.

3         27.    Under the ADA, it is an act of discrimination to fail to ensure that the

4    privileges, advantages, accommodations, facilities, goods, and services of any place

5    of public accommodation are offered on a full and equal basis by anyone who owns,

6    leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a).

7    Discrimination is defined, inter alia, as follows:

8              a.    A failure to make reasonable modifications in policies, practices,

9                    or procedures, when such modifications are necessary to afford

10                   goods, services, facilities, privileges, advantages, or

11                   accommodations to individuals with disabilities, unless the

12                   accommodation would work a fundamental alteration of those

13                   services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

14             b.    A failure to remove architectural barriers where such removal is

15                   readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are

16                   defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

17                   Appendix "D".

18             c.    A failure to make alterations in such a manner that, to the

19                   maximum extent feasible, the altered portions of the facility are

20                   readily accessible to and usable by individuals with disabilities,

21                   including individuals who use wheelchairs, or to ensure that, to

22                   the maximum extent feasible, the path of travel to the altered area

23                   and the bathrooms, telephones, and drinking fountains serving

24                   the area, are readily accessible to and usable by individuals with

25                   disabilities.  42 U.S.C. § 12183(a)(2).

26        28.    Any business that provides parking spaces must provide accessible

27   parking spaces.  2010 Standards § 208.  Under the 2010 Standards, access aisles

28   shall be at the same level as the parking spaces they serve.  Changes in level are not

permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

29.    A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

30.    Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

31.    Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.*

32.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

33.    California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

34.    Because Defendants violate Plaintiff's rights under the ADA, Defendants also violated the UCRA and are liable for damages.  (Civ. Code § 51(f), 52(a).)  These violations are ongoing.

35.    Plaintiff is informed and believes and thereon alleges that Defendants' actions constitute discrimination against Plaintiff on the basis of a disability, in

violation of the UCRA, Civil Code § 51 *et seq*., because Defendants have been previously put on actual or constructive notice that the Business is inaccessible to Plaintiff.  Despite this knowledge, Defendants maintain its premises in an inaccessible form, and Defendants have failed to take actions to correct these barriers.

## **PRAYER**

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.      A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325), and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property; Note: Plaintiff is not invoking section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act (Cal. C.C. §54) at all.

2.      An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3.      An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016); and,

4.      For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: May 29, 2020          **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Attorney for Plaintiff